FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

AUG 11 2005
1:30 pm
Stephan Harris, Clerk
Casper

# UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

UNITED STATES OF AMERICA

vs.

STEVEN ARTHUR WINSOR

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER: 05-CR-008-01-D

Donald L. Tolin
Defendant's Attorney

**THE DEFENDANT:** pleaded guilty to count(s) 1 and 2.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21: USC 841(a)(1),(b)(1)(B), and 846 | Conspiracy to Possess With Intent to Distribute, and to Distribute Methamphetamine | January 2004 | 1 |
| 18: USC 922(g)(1) and 924(a)(2) | Felon in Possession of a Firearm | January 2004 | 2 |

The defendant is sentenced as provided in pages 2 through 7 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's USM No: **08788-091**

August 5, 2005
Date of Imposition of Sentence

William F. Downes
Chief U.S. District Judge

Aug 11, 2005
Date

DEFENDANT: STEVEN ARTHUR WINSOR                              Judgment-Page 2 of 7
CASE NUMBER: 05-CR-008-01-D

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of Sixty-three months, concurrent each count.

The Court makes the following recommendations to the Bureau of Prisons:

> The Defendant be placed at Florence, Colorado or Yankton, South Dakota,
>
> The Defendant participate in the Bureau of Prison's 500-hour Intensive Drug Treatment Program

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

                                        _____
                                        United States Marshal

                                   By:  _____
                                        Deputy Marshal

DEFENDANT: STEVEN ARTHUR WINSOR                                    Judgment-Page 3 of 7
CASE NUMBER: 05-CR-008-01-D

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of four years as to Count 1; 3 years as to Count 2 to be ran concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state or local crime.

While on supervised release, the defendant shall not illegally possess a controlled substance. Revocation of supervised release is mandatory for possession of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the U.S. Probation Officer.

Pursuant to Public Law 108-405, Revised DNA Collection Requirements Under the Justice for All Act of 2004, the defendant shall submit to DNA collection while incarcerated in the Bureau of Prisons, or at the direction of the U.S. Probation Office.

While on supervised release, the defendant shall not use or possess a firearm, ammunition, dangerous weapons or destructive device. Supervised release shall be revoked for possession of a firearm.

The defendant shall make special assessment and restitution payments as ordered by the Court and is required to notify the Court, through the Probation Office, of any material change in the defendant's economic circumstances that might affect the defendant's ability to meet these monetary obligations.

The defendant shall comply with the standard conditions that have been adopted by this Court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

The defendant shall participate in a program approved by the United States Probation Officer for substance abuse treatment, which may include testing to determine whether the defendant has reverted to the use of controlled substances.

The defendant shall abstain from alcohol and is prohibited from entering establishments whose chief source of income is derived from the sale of alcohol.

DEFENDANT: STEVEN ARTHUR WINSOR  
CASE NUMBER: 05-CR-008-01-D

Judgment-Page 4 of 7

The defendant shall obtain and maintain full-time employment, or participate in an educational program or vocational training at the direction of the United States Probation Office.

The defendant shall participate in mental health counseling at the direction of his supervising U.S Probation Officer, and will take any prescription medication prescribed in connection with his mental health treatment.

The defendant shall submit his person, residence, office or vehicle to a search, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

The defendant shall become an active member of Narcotics Anonymous immediately upon his release from custody. He shall obtain a sponsor and shall sign any necessary releases to permit communication between his sponsor and his supervising U.S. Probation Officer. The frequency of attendance shall be determined by his clinician and supervising U.S. Probation Officer. Failure to attend shall be deemed a material violation of supervised release.

DEFENDANT: STEVEN ARTHUR WINSOR  Judgment-Page 5 of 7
CASE NUMBER: 05-CR-008-01-D

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the Court or probation officer;

2) the defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

6) the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: STEVEN ARTHUR WINSOR                               Judgment-Page <u>6 of 7</u>
CASE NUMBER: 05-CR-008-01-D

## FINANCIAL PENALTIES

The defendant shall pay the following total financial penalties in accordance with the schedule of payments set out below.

| Count | Assessment | Restitution | Fine |
|---|---|---|---|
| 1 | $100.00 | N/A | $300.00 (as to all counts) |
| 2 | $100.00 | N/A | |
| **Totals:** | $200.00 | $0.00 | $300.00 |

## FINE AND/OR RESTITUTION

The fine and/or restitution includes any costs of incarceration and/or supervision. The fine, which is due immediately, is inclusive of all penalties and interest, if applicable.

The defendant shall pay interest on any fine and/or restitution of more than $2,500, unless the fine and/or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the below payment options are subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The court has determined that the defendant does not have the ability to pay interest or penalties and it is ordered that:

   The interest and penalties not be applied to fine and/or restitution.

DEFENDANT: STEVEN ARTHUR WINSOR                          Judgment-Page 7 of 7
CASE NUMBER: 05-CR-008-01-D

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

The total fine and other monetary penalties shall be due as follows:

> In full immediately. Any fine balance not paid immediately or through the Inmate Financial Responsibility Program shall be paid beginning the month following release from confinement, in monthly installments of not less than $25.00.

All financial penalty payments are to be made to the Clerks Office, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program.